1  Joseph R. Re (SBN 134,479)
   Joe.re@knobbe.com
2  Stephen W. Larson (SBN 240,844)
   Stephen.larson@knobbe.com
3  Baraa Kahf (SBN 261,144)
   Baraa.kahf@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main St., 14th Floor
5  Irvine, CA 92614
   Telephone: (949) 760-0404
6  Facsimile: (949) 760-9502

7  Attorneys for Movant
   PERSONAL GENOME DIAGNOSTICS, INC.

FILED
MAY 14 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

By Fax

SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERSONAL GENOME DIAGNOSTICS, INC., <br><br> Movant, <br><br> v. <br><br> WILSON SONSINI GOODRICH & ROSATI, AND VERN NORVIEL, <br><br> Respondents. | Case No. CV-19 80131 MISC -MISC <br><br> **PERSONAL GENOME DIAGNOSTICS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY PRODUCTION** <br><br> Date: TBD <br> Time: TBD <br> Place: TBD |

NOTICE is hereby given of the filing of this motion pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure by Movant Personal Genome Diagnostics, Inc. ("PGDx"). This Motion (the "Motion") seeks an Order to compel third-party Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") and attorney Vern Norviel ("Norviel") (collectively, "Respondents") to produce documents responsive to Request Nos. 1–9, pursuant to a Rule 45 subpoena served in connection with a patent infringement case pending in the United States District Court for the District of Delaware, Case No. 1:17-cv-01623-LPS-CJB (the "Guardant Litigation"). PGDx supports this motion with the following Memorandum of Points and Authorities and the declaration of Baraa Kahf ("Kahf Decl.").

Pursuant to Local Civil Rule 37(a), the undersigned counsel for PGDx represents that counsel for PGDx met and conferred with counsel for Respondents on April 8, 2019 with respect to the issues raised in this Motion, but that, as of the date of filing this Motion, Respondents have indicated that they are standing on their purported objections to PGDx's document requests and have not produced documents responsive to Request Nos. 1–9 nor committed to a timeline for doing so.

This Motion seeks an order from the Court directing Respondents to fully comply with Request Nos. 1–9 and setting a deadline for Respondents to produce all of the documents Respondents have agreed to produce. As explained in greater detail below, those materials are essential to PGDx in preparation of its defense in the Guardant Litigation.

Respectfully Submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 14, 2019     By: /s/ Baraa Kahf
Joseph R. Re
Stephen W. Larson
Baraa Kahf

Attorneys for Movant, Personal Genome Diagnostics, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Guardant Health, Inc. ("Guardant") sued PGDx in the District of Delaware alleging infringement of several patents by PGDx's "PlasmaSelect" product. In response, PGDx asserted an "unclean hands" defense based on the conduct of Guardant's patent prosecution counsel, WSGR, including attorneys Vern Norviel and Jeffrey Seidel.

PGDx alleges that, beginning in approximately June of 2015, WSGR and its attorneys, gained access to confidential PGDx information as part of a due diligence investigation of PGDx. At the time of the due diligence, WSGR developed and oversaw Guardant's patent prosecution, including the prosecution of the applications that eventually led to the patents asserted against PGDx. Indeed, Norviel, the attorney that oversaw the due diligence of PGDx, touts on his website biography that he "Developed and oversaw the patent portfolio[]" of Guardant.[1] PGDx alleges that WSGR's patent prosecution on behalf of Guardant benefited from PGDx's information and that WSGR's misconduct establishes unclean hands. *See Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231, 1234 (Fed. Cir. 2018) (such conduct establishes "unclean hands").

To pursue its unclean hands defense, PGDx sought discovery from Respondents months ago relating to the due diligence and subsequent patent prosecution. To date, none of these parties has produced any documents. Moreover, despite PGDx's extensive efforts to compromise and narrow its discovery requests, none of these parties has agreed to produce ***anything*** other than their communications with PGDx during the due diligence—documents that would likely already be in PGDx's custody. Thus, PGDx now moves to compel production of critical discovery from Respondents.

---

[1] https://www.wsgr.com/WSGR/DBIndex.aspx?SectionName=attorneys/BIOS/6888.htm

## II. FACTUAL BACKGROUND

On March 1, 2019, PGDx served third-party subpoenas on Respondents[2] seeking production of eleven categories of documents. Kahf Decl. ¶¶ 2-4, Exs. 1, 3.[3] Requests Nos. 1–3[4] seek non-privileged documents and communications related to WSGR's due diligence of PGDx in 2015. Exs. 1, 3. Request No. 4 seeks non-privileged information regarding Respondents' request to PGDx to send detailed information on PGDx's PlasmaSelect product. *Id.* Request Nos. 5–6 seek additional non-privileged information relating to Respondents' interactions with PGDx in 2015. *Id.* Request Nos. 7–9 seek non-privileged information regarding prosecution of Guardant's patents. *Id.*

On March 18, 2019, Respondents objected to each request and simply responded that they were "willing to meet and confer" regarding each request. Exs. 7, 8. On April 8, 2019, counsel for PGDx met and conferred with counsel for Respondents. Kahf Decl. ¶ 6. Respondents sought to limit the scope of PGDx's Request Nos. 1–6 to "communications between WSGR, on the one hand, and PGDx or PGDx's counsel, on the other hand . . . ." Ex. 9 at 6 (Apr. 11 email from Luke Liss). Respondents also claimed that a search for documents responsive to Request Nos. 7–9 would be overly burdensome. *Id.* at Ex. 9 at 4, 6, 8.

PGDx did not agree to Respondents' proposal regarding Request Nos. 1–6 because those requests seek relevant and non-privileged documents that would not be captured in communications between WSGR and PGDx or PGDx's attorneys. Such documents are exclusively in WSGR's possession. With respect to Request Nos. 7–9, PGDx offered to limit those requests to documents relating to "Guardant's patents that are at issue in the present litigation, as well as parent and child applications and patents." Ex. 9 at 5 (Apr. 11 email

---

[2] PGDx also served a subpoena for production of documents on Seidel, Exs. 5 and 6, on March 4, 2019, but that subpoena is not the subject of the present motion. PGDx would expect that Respondents have custody and control of those documents.

[3] All exhibits are attached to the Kahf Declaration.

[4] Requests for Documents served on each of Respondents are identical. Reference to any specific request is meant to include requests to both third parties.

from Baraa Kahf). PGDx then further offered to narrow the scope of these requests to "documents related to the patents-in-suit and related applications that are created or modified during the relevant time period (June 2015 until the last patent-in-suit issued in February 2018)." Ex. 9 at 3 (Apr. 15 email from Baraa Kahf). PGDx even agreed to pay for "significant expenses" incurred in connection with searching for and producing responsive documents, consistent with Rule 45 and relevant case law. *Id.* Respondents rejected all of PGDx's offers. Thus, as of the filing of this motion, Respondents continue to withhold production of non-privileged, responsive documents sought by Request Nos. 1–9.

### III. ARGUMENT

**A.    Respondents Should Produce Documents Relating to Due Diligence of PGDx**

Respondents improperly limit the scope of Request Nos. 1–6 to "communications between WSGR, on the one hand, and PGDx or PGDx's counsel, on the other hand." Ex. 9 at 6. Thus, Respondents seek to limit their entire production to documents PGDx is likely to already have in its possession. Respondents' position is unreasonable and would exclude the other categories of documents PGDx seeks.

Request No. 2, for example, seeks documents Respondents "acquired, or to which [WSGR] had access as a result of [WSGR's] due diligence review of PGDx in 2015." Exs. 1, 3. At a minimum, PGDx is entitled to know at least whether Respondents *still maintain PGDx confidential information in their records*, whether Respondents ever acquired or accessed such documents, whether and how Respondents ever used the documents for another purpose outside of the due diligence, and identification of the documents and their contents.

Request No. 1 seeks non-privileged information relating to WSGR's due diligence of PGDx in 2015. Exs. 1, 3. PGDx is entitled to examine the ways in which the confidential information Respondents obtained from PGDx was used. This request is narrowly tailored in time and subject matter; it only seeks documents and communication from 2015, when WSGR conducted its due diligence review, and excludes privileged communication between

WSGR and NEA.

Request No. 3 seeks communications between WSGR and PGDx or PGDx's attorneys. Exs. 1, 3. Although Respondents have agreed to provide these documents, PGDx has yet to receive any such documents.

Request No. 4 seeks documents relating to Seidel's due diligence request for "a detailed workflow for the PlasmaSelect product." Exs. 1, 3. PlasmaSelect refers to the product that Guardant has accused of infringement in the District of Delaware. Respondents' access to the details of PlasmaSelect, while simultaneously prosecuting the very patents now asserted against that product constitutes serious misconduct supporting PGDx's "unclean hands" defense in the District of Delaware. Given the importance of this interaction, PGDx is entitled to documents related to Seidel's inquiry.

Respondents have taken the position that its internal notes and documents, if any, evidencing its use of PGDx confidential information to prosecute the patents, are privileged. Such a position is speculative at best, because Respondents have not even agreed to conduct a search for responsive documents. Respondents have not substantiated their privilege claim over these documents. *See Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 632 (M.D. Pa. 1997) ("Facts gathered by counsel in the course of investigating a claim or preparing for trial are not privileged and must be divulged if requested in the course of proper discovery . . . The inclusion of such information in documents prepared by, or circulated to, counsel does not render them inviolate on grounds of privilege"). Nor are these documents work product. *See INVISTA North America S.à.r.l. v. M&G USA Corp.*, No. CV 11-1007-SLR-CJB, 2013 WL 12171721 at *4 (D. Del. June 25, 2013) ("[B]ecause the nature of patent prosecution involves a non-adversarial, *ex parte* proceeding, work performed at the request of an attorney to prosecute a patent application does not, as a 'blanket rule,' fall within the scope of the work product doctrine."). Further, this request is narrowly tailored to documents relating to Mr. Seidel's specific inquiry. Thus, Respondents' claim that this request is burdensome is without merit.

Request No. 5 seeks information relating to discussions about Guardant's WO201439556 patent application with PGDx's counsel. During the due diligence, Norviel and Seidel discussed PlasmaSelect in connection with Claim 1 of Guardant's WO201439556 application, which corresponds to a PCT application that is claimed as a priority document for each of the patents-in-suit. Such communications are clearly not privileged and must be produced. Again, this request is narrowly tailored to documents relating to the identified Guardant patent application. Respondents' claim of burden is improper.

Request No. 6 seeks other documents reflecting interactions with PGDx during 2015, including notes, memoranda, writings, and /or entries reflecting the same. This includes internal notes referring to Respondents' communication with PGDx or PGDx's counsel, and documents showing Respondents' response to any identified or perceived conflict of interest created through concurrently prosecuting Guardant's patents and conducting due diligence on PGDx. Such documents contain factual representations, and are not privileged for the reasons discussed above. *See Andritz*, 174 F.R.D. at 632 ("Facts gathered by counsel in the course of investigating a claim or preparing for trial are not privileged and must be divulged if requested in the course of proper discovery . . . The inclusion of such information in documents prepared by, or circulated to, counsel does not render them inviolate on grounds of privilege").

For at least these reasons, the Court should order Respondents to produce documents in response to Request Nos. 1–6.

**B.   Respondents Should Produce Documents Relating To Their Use of PGDx Confidential Information to Prosecute Guardant's Asserted Patents**

Request Nos. 7–9 seek non-privileged information regarding (1) Respondents' prosecution of Guardant's patents, (2) the extent to which any PGDx confidential information was used during that process, and (3) the prosecution of Guardant's patents after Respondents had access to PGDx confidential information through the due diligence. PGDx is entitled to discover how Respondents used confidential PGDx information during its patent prosecution.

PGDx initially offered to narrow the scope of Request Nos. 7–9 to "Guardant's patents that are at issue in the present litigation, as well as parent and child applications and patents." Ex. 9 at 5. PGDx then offered to narrow the scope of these Requests to "documents related to the patents-in-suit and related applications that are created or modified during the relevant time period (June 2015 until the last patent-in-suit issued in February 2018)." *Id.* at 3 (Apr. 15 email from Baraa Kahf). But Respondents again refused. *Id.* at 2.

Respondents' objections are meritless. To the extent Respondents are concerned about disclosure of information regarding unrelated work for Guardant, PGDx's narrowed scope obviates such fears. Furthermore, given PGDx's narrowing of the requests to Guardant's four patents-in-suit, Respondents' claim of burden is unfounded. Further, for the same reasons as above, PGDx's request does not seek privileged documents.

## IV. CONCLUSION

PGDx respectfully requests that the Court order Respondents to each produce the requested documents.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 14, 2019      By: /s/ Baraa Kahf
Joseph R. Re
Stephen W. Larson
Baraa Kahf

Attorneys for Movant, Personal Genome Diagnostics, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 14, 2019, the foregoing was caused to be manually filed with the Court by delivering same via Courier to Clerk of the Court, United States District Court, Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, and served upon the following via electronic mail and U.S. Mail:

| | |
|---|---|
| Shannon E. German<br>Wilson Sonsini Goodrich & Rosati, P.C.<br>222 Delaware Avenue, Suite 800,<br>Wilmington, DE 19801-1600<br>sgerman@wsgr.com | *Counsel for Third-Parties Vern Norviel and WILSON SONSINI GOODRICH & ROSATI, P.C.* |
| Joseph J. Farnan, Jr.<br>Brian E. Farnan .<br>Michael J. Farnan<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>farnan@farnanlaw.com<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com | *Counsel for Plaintiff Guardant Health, Inc.* |
| Edward R. Reines<br>Derek Walter<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>(650) 802-3000<br>edward.reines@weil.com<br>derek.walter@weil.com | *Counsel for Plaintiff Guardant Health, Inc.* |

*/s/ Claire A. Stoneman*
Claire A. Stoneman

30477005