UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDANT HEALTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PERSONAL GENOME DIAGNOSTICS, INC., et al.,<br><br>Defendants. | Case No. 19-mc-80131-SVK<br><br>**ORDER APPOINTING SPECIAL MASTER** |

As set forth in this Court's December 3, 2019 order (Dkt. 25), the Court has determined that the appointment of a Special Master is appropriate to review the Parties' instant discovery dispute. *See* Fed. R. Civ. P. 53(a)(1). Pursuant to Rule 53(b)(1), the hearing on December 3, 2019, and the stipulation filed by the Parties on December 12, 2019 (Dkt. 34), all Parties have notice of the Court's intent to appoint a Special Master and have had an opportunity to be heard with respect to such appointment. Accordingly, the Court **ORDERS** as follows:

1. The Court appoints Mark LeHocky, Esquire (hereinafter "Special Master") to serve as Special Master for the purpose of assisting this Court in reviewing 637 documents that Respondents Wilson Sonsini Goodrich & Rosati, P.C. and attorney Vern Norviel (collectively, "Respondents") purport to be non-responsive to Movant Personal Genome Diagnostics, Inc.'s ("PGDx") requests for production. After reviewing Mr. LeHocky's declaration (Dkt. 37), the Court finds that the Special Master does not have a relationship with the parties, attorneys, action, or this Court that would require disqualification under 28 U.S.C. § 455. Additionally, the Parties stipulated to the appointment of Mr. LeHocky as the Special Master.

////

////

**I. DUTIES OF THE SPECIAL MASTER**

2. Except as specifically set forth below, the Special Master will possess the full authority permitted under Rule 53(c) of the Federal Rules of Civil Procedure to perform the duties set forth in this order.

3. The Special Master shall review the disputed documents *in-camera* and determine whether any of the disputed documents are responsive to PGDx's request for documents are modified by this Court in Dkt. 14, and if responsive, if any such documents are privileged.

4. The Special Master shall proceed with all reasonable diligence, in accordance with the protocol described in this order and Rule 53(b)(2). The Special Master shall have discretion to set additional procedures as he sees fit.

**II. PROTOCOL**

5. Pursuant to stipulation, the documents to be reviewed are 637 documents that Respondents claim are non-responsive to PGDx's requests for production.

6. Upon the Special Master's appointment, the Parties shall provide the Special Master with copies of the Parties' submissions regarding this dispute and this Court's prior orders.

7. Pursuant to stipulation, Respondents shall provide to the Special Master copies of at least 102 documents (143 with families) as their first production of documents. This first production is to be made on or before **January 6, 2020**. After the first production, Respondents shall make rolling productions of the remaining documents to the Special Master as they obtain client consent and complete any agreed-upon redactions. Respondents shall provide the documents in the form(s) specified by the Special Master (e.g., paper or electronic media).

8. Pursuant to stipulation, each party may submit an ex parte confidential submission, consisting of no more than five pages, to the Special Master explaining the background of the dispute and providing context for the documents. This submission must be made to the Special Master on or before **January 6, 2020** in the form specified by the Special Master (e.g., paper or electronic media). Each of Respondents' rolling productions may be accompanied by a confidential submission of no more than one page.

9. Pursuant to stipulation, the Special Master shall review the documents *in camera*.

10. The documents provided to the Special Master will be designated "Highly Confidential – Special Master/Court's Eyes Only" and, absent further order of the Court, will only be disclosed to the Special Master, the Court, and their employees necessary to assist in the Special Master's review. Respondents do not waive privilege or confidentiality based on the Special Master's or the Court's review.

11. In resolving disputes about responsiveness, the Special Master may: permit the Parties to communicate on an ex parte basis with the Special Master, with notice to all other Parties (*see* Dkt. 25 at 2); hear oral argument; and conduct other proceedings that the Special Master deems necessary to resolve the disputes. The Special Master may adopt any reasonable procedural requirements, with notice to the Parties thereof.

### III. REPORTS AND RECOMMENDATIONS

12. Pursuant to stipulation, the Special Master shall report to the Court his recommended resolution of the Parties' dispute by **February 18, 2020.**[1]

13. The Special Master shall file other reports as the Court may direct.

14. Pursuant to stipulation, the Special Master's process and report will not disclose any privileged information (including as set forth in the produced documents) other than to the Court. The Special Master's process and report will not disclose any confidential information belonging to non-Guardant entities other than to the Court. Should the Special Master's process seek to disclose confidential (but not privileged) documents or information belonging to Guardant within the process or report, the Special Master shall notify the Parties and the Parties will promptly meet and confer as to the appropriate designation of such information, i.e., as subject to the protective order in the underlying matter.

15. Pursuant to Rule 53(e), the Special Master shall file any orders, reports, or recommendations with the Court under seal by e-filing the document as such, as required by Civil Local Rule 79-5(a). In addition, the Special Master shall email copies of his orders, reports, or recommendations to the Parties and the Court.

---

[1] The Parties selected President's Day in their stipulation.

3

16. Pursuant to Rule 53(b)(2)(D) and 53(f), any party wishing to file objections to or a motion to adopt or modify the Special Master's order, report, or recommendation must file such objection or motion with the Court by **February 20, 2020**. The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and recommendation.

17. Pursuant to Rule 53(f)(1), in acting on an order, report, or recommendations of the Special Master, the Court shall afford each party an opportunity to be heard and, at its discretion, may receive evidence and may adopt or affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders it deems appropriate. Pursuant to stipulation, the Parties will be heard on **February 25, 2020 at 10:00 a.m**.

### IV. OTHER MATTERS

18. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time. Pursuant to stipulation, the Special Master shall not communicate ex parte with any party, third-party witness, or counsel for any party or third-party, except as provided above in paragraphs 8 and 11.

19. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, reports, and recommendations.

////
////
////
////
////
////
////
////

20. Pursuant to Rules 53(b)(2)(E) and 53(g), the Special Master shall be compensated at an hourly rate of $600.00 for his services pursuant to this order. The Special Master shall prepare an invoice for his services, which he shall provide to the Parties. The Special Master's invoice shall be paid promptly and in full by PGDx. The Court will review this allocation no later than at the conclusion of these proceedings and will adjust the allocation, as appropriate, after affording the Parties an opportunity to be heard.

**SO ORDERED.**

Dated: December 18, 2019

SUSAN VAN KEULEN
United States Magistrate Judge